IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Danny Lee Wilkerson,  )<br> )<br>    Plaintiff,  )<br> )<br>    v.  )<br> )<br>Director Ed McCrory, Officer Joe Gladney,  )<br>and Nurse Lieutenant Teresa Lawson,  )<br> )<br>    Defendants.  )<br>_____) | Case No. 8:10-cv-01248-JFA-JDA<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This matter is before the Court on cross motions for summary judgment filed by Plaintiff and Defendants McCrory and Lawson. [Docs. 39, 40.] Plaintiff was a pretrial detainee in the custody of Fairfield County Detention Center ("FCDC") at the time this action was filed.[1] [Doc. 1.] Plaintiff is proceeding *pro se* and brought this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

Plaintiff filed this action on May 17, 2010, alleging cruel and unusual punishment by Defendant Joe Gladney ("Gladney") and deliberate indifference to Plaintiff's safety and medical needs by Defendants Ed McCrory ("McCrory") and Teresa Lawson ("Lawson"). [Doc. 1.] Plaintiff filed a motion for summary judgment on January 19, 2011 [Doc. 39], and

---

[1] Plaintiff is now in the custody of the South Carolina Department of Corrections at Lieber Correctional Institute. [Doc. 17.]

Defendants responded in opposition on February 7, 2011[2] [Docs. 43, 44]. McCrory and Lawson filed a motion for summary judgment on January 27, 2011 [Doc. 40], and Plaintiff responded in opposition on March 4, 2011 [Doc. 49]. McCrory and Lawson filed a reply to Plaintiff's response on March 14, 2011 [Doc. 53], and Plaintiff filed a surreply on March 25, 2011 [Doc. 54].

## BACKGROUND

Plaintiff seeks compensatory damages in the amount of $70,000,000. [Doc. 1 at 7.] Plaintiff alleges he is litigating the following issues: bodily harm and injury, medical malpractice, emotional distress, deliberate indifference, reckless disregard, prejudice, pain/suffering, mental and physical anguish, reckless endangerment, negligent supervision. [*Id.* at 2.] Specifically, Plaintiff alleges that Gladney assaulted Plaintiff on May 2, 2009 and that Plaintiff suffered two herniated discs as a result of this assault. [*Id.* at 3.] Plaintiff further alleges that McCrory failed to respond to the alleged assault in the manner Plaintiff requested and that McCrory and Lawson denied Plaintiff a cervical traction neck brace ordered by a doctor because the neck brace posed a security threat. [*Id.* at 3–5.] Plaintiff also alleges that Lawson failed to inform the doctor of Plaintiff's complaints of pain. [*Id.* at 5–6.]

In his motion for summary judgment, Plaintiff generally argues summary judgment should be granted in his favor based on the facts from his Complaint, summarized above. [Doc. 39.] In their motion for summary judgment and their response in opposition to Plaintiff's motion for summary judgment, McCrory and Lawson argue that the Court should

---

[2] McCrory and Lawson filed a joint response; Gladney filed a separate response.

enter summary judgment in their favor because (1) McCrory cannot be liable under the theory of respondeat superior, (2) Plaintiff's allegations do not rise to the level of a constitutional violation by McCrory and Lawson, and (3) McCrory and Lawson are entitled to qualified immunity.  [Docs. 40-1 at 2; 43 at 1.]  In his response in opposition to Plaintiff's motion for summary judgment, Gladney asserts that Plaintiff's motion should be denied as to Plaintiff's claim against Gladney because "a material issue of fact exists as to the individual liability claim against him." [Doc. 44 at 1.]  Gladney contends that his affidavit, submitted in conjunction with his response, demonstrates that a genuine issue of material fact exists.  [*Id.* at 2.]

## APPLICABLE LAW

### Liberal Construction of *Pro Se* Complaint

Plaintiff brought this action *pro se*, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam).  Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993).  Nor should a

court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed
> must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

**Deliberate Indifference to Plaintiff's Medical Needs**

The Supreme Court has stated that deliberate indifference exists when prison officials know of a substantial risk to a detainee's health or safety and consciously disregard that risk. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Within the Fourth Circuit, prison officials violate a prisoner's Fourteenth Amendment rights only if the officials' conduct shocks the conscience, and the Fourth Circuit has held that

> [i]n cases where the government is accused of failing to attend to a detainee's serious medical needs, and in cases where the government is accused of failing to protect a detainee from a substantial risk of physical harm, "conduct that amounts to 'deliberate indifference' . . . is viewed as sufficiently shocking to the conscience that it can support a Fourteenth Amendment claim."

*Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (quoting *Young v. City of Mount Ranier*, 238 F.3d 567, 574–75 (4th Cir. 2001)). A detainee who alleges deliberate

indifference must meet "a very high standard—a showing of mere negligence will not meet it." *Id.* (citing *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999)).

In the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (citing *Layne v. Vinzant*, 657 F.2d 468, 471 (1st Cir. 1981)); *see Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975) (citing *Blanks v. Cunningham*, 409 F.2d 220 (4th Cir.1969); *Hirons v. Director*, 351 F.2d 613 (4th Cir.1965)) ("Prisoners are entitled to reasonable medical care."); *see also, e.g.*, *Barton v. Dorriety*, No. 9:10-cv-1362, 2011 WL 1049510, at *2 (D.S.C. Mar. 21, 2011) (citing *Jackson*, 846 F.2d at 817). In this case, Plaintiff has failed to show that McCrory and Lawson knew of and ignored Plaintiff's need for medical care, that Plaintiff's need for medical care was serious, or that Plaintiff received inadequate medical care. Evidence from Plaintiff, McCrory, and Lawson establishes that McCrory and Lawson responded to Plaintiff's requests for medical treatment [Docs. 1-2 at 14–16; 39 at 4; 39-1 at 6–94; 40-2 ¶¶ 16, 18; 40-6; 40-7] and that McCrory and Lawson deferred to the medical expertise of Dr. Gaddy, who provides medical services to FCDC, when medical expertise was required [Docs. 40-2 ¶ 15; 40-6 ¶ 15].

In his motion for summary judgment, Plaintiff focuses on McCrory and Lawson's denial of the cervical traction neck brace as the source of a violation of Plaintiff's constitutional rights. [Doc. 39 at 5.] However, Plaintiff has failed to demonstrate that he had a serious medical need for the neck brace or that his condition worsened because he did not receive the neck brace. Moreover, maintaining institutional security is an essential

goal that "may require limitation or retraction of the retained constitutional rights of . . . pretrial detainees." *Bell v. Wolfish*, 441 U.S. 520, 546 (1979). "Prison officials must be free to take appropriate action to ensure the safety of inmates . . . ." *Id.* at 547. McCrory and Lawson determined that the neck brace posed a threat to Plaintiff's and other inmates' safety [Docs. 40-2 ¶ 16; 40-7 at 18]; Plaintiff has not alleged that this determination was in error. As a result, Plaintiff has failed to demonstrate a genuine issue of material fact as to whether McCrory and Lawson acted with deliberate indifference with respect to Plaintiff's medical needs.

**Supervisory Liability of McCrory**

To the extent Plaintiff seeks to impart supervisory liability upon McCrory regarding the alleged incident with Gladney, those claims must fail because McCrory cannot be held liable as Gladney's supervisor. Because there is no doctrine of respondeat superior in § 1983 claims, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978), defendants are liable in their individual capacities only for their personal wrongdoing or supervisory actions that violated constitutional norms, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* (citations omitted).[3]

Plaintiff has failed to establish a § 1983 claim based on a theory of supervisory liability. First, Plaintiff failed to show McCrory had actual or constructive knowledge of a pervasive risk of harm to Plaintiff's rights. Plaintiff's file contains no request to staff or grievance form that would alert McCrory, prior to the alleged May 2, 2009 incident, of any potential danger to Plaintiff with regard to Gladney. [Doc. 40-2 ¶¶ 6–7.] McCrory became aware of the alleged incident between Plaintiff and Gladney only after the alleged incident occurred. [*Id.* ¶ 5; Doc. 39 at 4; Doc. 39-1 at 3–7.] Second, Plaintiff failed to show McCrory acted with deliberate indifference toward Plaintiff's safety or McCrory impliedly authorized Gladney's conduct. McCrory met multiple times with Plaintiff to discuss the alleged incident, forwarded Plaintiff's request forms to both Davis Anderson ("Anderson"), the deputy county administrator, and the Fairfield County Sheriff's Department, and alerted Plaintiff of Anderson's position on the matter. [Docs. 40-2 ¶ 12; 40-5.] Finally, Plaintiff failed to establish a causal link between McCrory's purported inaction and the alleged violation of Plaintiff's constitutional rights because Plaintiff failed to demonstrate that Gladney posed a substantial risk of physical harm. Therefore, Plaintiff has failed to

---

[3] This is a heavy burden; in fact, the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), may have entirely abrogated supervisory liability in *Bivens* actions. *See Ashcroft*, 129 S. Ct. at 1957 (Souter, J., dissenting) ("Lest there be any mistake, . . . the majority is not narrowing the scope of supervisory liability; it is eliminating *Bivens* supervisory liability entirely. The nature of a supervisory liability theory is that the supervisor may be liable, under certain conditions, for the wrongdoing of his subordinates, and it is this very principle that the majority rejects."); *see also Jones v. Corr. Care Solutions*, No. 0:09-cv-269, 2010 WL 2639788, at * 2 (D.S.C. June 7, 2010). A *Bivens* action "is the 'federal analog to suits brought against state officials under . . . § 1983.'" *Id.* at 1948 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 (2006)). Therefore, the Supreme Court's reasoning may extend to abrogate supervisory liability in § 1983 actions as well as *Bivens* actions.

demonstrate a genuine issue of material fact as to whether McCrory is liable under a theory of supervisory liability.

**Alleged Physical Assault by Gladney**

Plaintiff claims that Gladney subjected Plaintiff to cruel and unusual punishment; however, because Plaintiff was a pretrial detainee, his rights are established by the Fourteenth Amendment rather than the Eighth Amendment, *see City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983), and the Court will construe his claim as a claim of constitutionally impermissible punishment, *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (stating that because pretrial detainees have not been adjudicated guilty of a crime, they may not be subjected to any form of "punishment"). A prison official's use of force against a pretrial detainee constitutes punishment if the force is excessive. *U.S. v. Cobb*, 905 F.2d 784, 788 (4th Cir. 1990) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). To establish that a use of force is excessive, a pretrial detainee must show "the use of force must have been intended as punishment." *Id.*

Plaintiff has alleged that he suffered an unprovoked attack by Gladney and has supported his allegations with an affidavit and a petition signed by inmates who allegedly witnessed the incident. [Doc. 39-1 at 1–2.] Gladney, in response to Plaintiff's motion for summary judgment, submitted his own affidavit, stating that the incident was not an attack and that Plaintiff slipped and fell to the floor and Gladney tried to break Plaintiff's fall. [Doc. 44-1.] Accordingly, Gladney has demonstrated that a genuine issue of material fact remains for trial because Plaintiff and Gladney have submitted competing versions of the facts, and a resolution of the facts will determine if Gladney used force on Plaintiff and, if

11

so, whether that force was intended as punishment. *See Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.").

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that McCrory and Lawson's motion for summary judgment be GRANTED and Plaintiff's motion for summary judgment be DENIED. Accordingly, it is recommended that the case be dismissed with respect to McCrory and Lawson and proceed with respect to Gladney.

IT IS SO RECOMMENDED.

                                               s/Jacquelyn D. Austin
                                               United States Magistrate Judge

April 13, 2011
Greenville, South Carolina